Howard T. Hogan, J.
In these tax certiorari proceedings, petitioners move this court pursuant to rule 678.3 of the Rules of the Appellate Division, Second Department (22 NYCRR 678.3) for an order dispensing with the audit requirements thereof and granting these petitioners leave to file a note of issue. It is apparent from the papers that neither the petitioners nor respondent have evidenced any diligence in conducting the audits prescribed by the rules. Each has been content to wait for the other to take the initiative.
Respondent claims that historically, in this county, an audit is ordered and commenced once the petitioner requests an *106 administrative hearing before the Board of Assessors. Apparently, counsel for these petitioners has at various times followed these procedures but has chosen not to do so with respect to the instant petitions. This court is of the opinion that an impasse such as occurred herein, could not happen if the steps and administrative procedures which are of great benefit in the processing and disposition of these claims were formally adopted.
Respondent indicates that it desires to conduct the audits of petitioners’ books and records. By reason thereof^ the court finds no compelling reason nor good cause to dispense, with the requirements of said rule. The audits shall be completed within 120 days from the date of the orders entered herein. To facilitate the task of the auditors, petitioners are directed to have all necessary information available for the auditors including books, records, income and expense statements together with profit and loss statements.
Copies of these audits made by respondent shall be made available to each of these petitioners when completed (Matter of Pherbo Realty Corp. v. Board of Assessors, Index No. 11526/64, Calendar No. S. 2541, Sept. 11, 1967; Georgian Web Offset Co. v. Board of Assessors, Index Nos. 4216/73, 11909/71 and 13075/72, April 12, 1973). The purpose of the audit, as we have stated before, is to explore the merits of the petitioner’s claim of overassessment with a view toward negotiation- and settlement. Respondent admits that audits are commenced once a petitioner requests a hearing before the board. This further confirms that the audit is used by respondent in its administrative process as an aid in probing the merits of petitioner’s claim. This is not something prepared for litigation as set forth in subdivision (d) of CPLR 3101, as respondent would have us believe, but rather is material prepared in the ordinary course of respondent’s administrative process to aid in settlement.